# EXHIBIT "E"

# SBA

SOP 50 10 5(K)

# Lender and Development Company Loan Programs

Office of Financial Assistance

U.S. Small Business Administration

**EXHIBIT E**
**Page 1**

| | SMALL BUSINESS ADMINISTRATION<br>STANDARD OPERATING PROCEDURE | | |
|---|---|---|---|
| SUBJECT: | S.O.P. | | REV |
| Lender and Development Company Loan Programs | SECTION<br>50 | NO.<br>10 | 5(K) |

## INTRODUCTION

1. **Purpose:** Update SOP 50 10 5(K) Lender and Development Company Loan Programs.
2. **Personnel Concerned:** All SBA Employees
3. **SOP Canceled:** None. Previous edition of SOP 50 10 will continue to have applicability to loans that were approved during their effective time periods.
4. **Updated Information:** This full update of SOP 50 10 5 is necessary for the SOP to conform to recently revised regulations in 13 CFR Part 120, and to provide guidance that clarifies and streamlines policy and procedures affecting the 7(a) and 504 programs. This version, which will be SOP 50 10 5(K), includes revised guidance in the following general areas:

   a) Incorporates regulatory changes published in the May 7, 2018, Final Rule on Debt Refinancing in 504 Loan Program (83 FR 19915), effective June 6, 2018;

   b) Incorporates the availability of 504 Debentures with a maturity of 25 years, in accordance with the Federal Register Notice published April 4, 2018, available for 504 Projects approved on or after April 2, 2018;

   c) Incorporates policy changes published in SBA Policy Notice 5000-17057, effective April 3, 2018, including:

       i. Revised guidance on credit elsewhere for 7(a) and 504 loans;

       ii. Clarified the minimum equity requirements for 7(a) loans involving change of ownership transactions between existing owners;

       iii. Provided additional guidance regarding the eligibility of marijuana-related businesses and hemp-related businesses; and

       iv. Reduced the minimum monitoring requirements for Working Capital CAPLines; and

   d) Clarifies guidance for SBA Lenders (7(a) lenders and CDCs) on the delivery of 7(a) loans (including SBA Express, Export Express, Export Working Capital Program and International Trade) and 504 program loans.

5. **Originator:** Office of Capital Access

| AUTHORIZED BY:<br>William M. Manger<br>Associate Administrator<br>Capital Access | | EFFECTIVE DATE<br>April 1, 2019 |
|---|---|---|
| | | Page 1 |

SOP 50 10 5(K) Subpart B

Applicant does not have credit available elsewhere:

a. The maintenance or improvement of the Lender's rating or performance evaluation under the Community Reinvestment Act (CRA) or its implementing regulations; or

b. The improvement of the Lender's collateral lien position.

### III. INELIGIBLE TYPES OF BUSINESSES

A. The Lender must determine whether the Applicant is one of the types of businesses listed as ineligible in SBA regulations 113 CFR `.; 120.110). Certain business types appearing on this list may be eligible under limited circumstances, as discussed below.

1. Businesses organized as a non-profit are ineligible (for-profit subsidiaries may be eligible). (13 CFR 120.1101a1)

2. Businesses Engaged in Lending (13 CFR ·S 120.110 (b)).

    a. SBA cannot guarantee a loan that provides funds to businesses primarily engaged in lending, investments, or to an otherwise eligible business engaged in financing or factoring. This prohibits SBA loans to:

        i. Banks;
        ii. Life Insurance Companies (but not independent agents);
        iii. Finance Companies;
        iv. Factoring companies;
        v. Investment Companies;
        vi. Bail Bond Companies; and
        vii. Other businesses whose stock in trade is money.

    b. The limited circumstances under which certain businesses engaged in lending may be eligible are as follows:

        i. A pawn shop that provides financing is eligible if more than 50% of its revenue for the previous year was from the sale of merchandise rather than from interest on loans.

        ii. A business that provides financing in the regular course of its business (such as a business that finances credit sales) is eligible, provided less than 50% of its revenue is from financing its sales.

        iii. A mortgage servicing company that disburses loans and sells them within 14 calendar days of loan closing is eligible. Mortgage companies primarily engaged in the business of servicing loans are eligible. Mortgage companies that make loans and hold them in their portfolio are not eligible.

        iv. A check cashing business is eligible if it receives more than 50% of its revenue from the service of cashing checks.

        v. A business engaged in providing the services of a financial advisor on a fee basis is eligible provided they do not use loan proceeds to invest in their own

   Small Business Administration, Office of Capital Access, Attn: 912
   Processing, 409 3rd Street SW, 8th Floor, Washington, DC 20416.

  iii. The Lender's submission to SBA must include a coversheet with the Lender's contact information (Lender name, point of contact, title, phone number, email, and mailing address).

14 Equity Interest by Lender or Associates in Applicant Concern (13 CFR 120.110 o

 a. A Lender or any of its Associates, may not obtain an equity interest, either directly or indirectly, in the Applicant.

 b. The only exception is when the Associate of the Applicant is a Small Business Investment Company (SBIC), in which case the requirements of 13 CFR 120.104 apply. See also 13 CFR 120.140 for a list of ethical requirements that apply to Lenders.

15. Businesses Providing Prurient Sexual Material (13 CFR § 120.110 (p))

 a. A business is not eligible for SBA assistance if:

  i. It presents live or recorded performances of a prurient sexual nature; or

  ii. It derives more than 5% of its gross revenue, directly or indirectly, through the sale of products, services or the presentation of any depictions or displays of a prurient sexual nature.

 b.  SBA has determined that financing lawful activities of a prurient sexual nature is not in the public interest. The Lender must consider whether the nature and extent of the sexual component causes the business activity to be prurient.

 c. If a Lender finds that the Applicant may have a business aspect of a prurient sexual nature, prior to submitting an application to the LGPC (non-delegated) or requesting a loan number (delegated), the Lender must document and submit the analysis and supporting documentation to the Associate General Counsel for Litigation at PSMReviewia sba.gov for a final Agency decision on eligibility. Upon approval by SBA, the Lender may submit the application to the LGPC or may proceed to process the loan under its delegated authority. A non-delegated Lender must submit a copy of SBA's approval with the application to the LGPC. A delegated Lender must retain its analysis, supporting documentation, and evidence of SBA's approval in its loan file and must submit the analysis and supporting documentation to SBA with any request for guaranty purchase. SBA also may review such documentation when conducting Lender oversight activities.

16. Prior Loss to the Government (13 CFR 120.110 r y r) and Delinquent Federal Debt (31 CFR 285.13)

 a. Unless waived by SBA for good cause, SBA cannot provide assistance to an Applicant if there has been a Prior Loss to the Government. "Prior Loss" means the dollar amount of any deficiency on a Federal loan or federally assisted financing which has been incurred and recognized by a Federal agency after it has concluded its write-off and/or close-out procedures for the particular account including the