# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AL-ROB CORPORATION; BANTOCK
ENTERPRISES, LLC; BLUE DIAMOND
DOLLS, INC.; FANTASYLAND ADULT
CENTER OF FLORIDA, INC., et. al.,

                Plaintiffs,

v.                                       Case No. 8:20-cv-1497-WFJ-JSS

UNITED STATES SMALL BUSINESS
ADMINISTRATION; JOVITA CARRANZA
in her official capacity as Administrator of
the U.S. Small Business Administration, et. al.,

                Defendants.
_____/

## ORDER DENYING PRELIMINARY INJUNCTION

This matter came before the Court upon the Plaintiffs' motion for preliminary injunction, Doc. 25. The Court has carefully reviewed the verified second amended complaint, Doc. 13, as well as the briefs and materials submitted by both parties concerning the motion for preliminary injunction, Docs. 25, 29, 31, and 32. The parties ably presented oral argument to the Court on January 20, 2021. The Court concludes that under the controlling statute and case law, injunctive relief is not available against the Small Business Administration or its administrator.

Plaintiffs operate several adult businesses they describe as "gentlemen's clubs" or "adult bookstores." Doc. 13 at 10. On these premises nude and partially-nude erotic entertainment occurs, and adult-oriented items may be offered for sale. There is no indication in this record that Plaintiffs operate illegally. Doc. 13 at 3–4.

During the COVID-19 emergency, the President and Congress collaborated to enact the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Doc. 13 at 5. Part of this Act provides a "paycheck protection program" ("PPP"), which enables small businesses to obtain very favorable payroll-type loans that under certain circumstances may be forgiven. The CARES Act delegates to the Small Business Administration ("SBA") the authority to carry out the PPP. 15 U.S.C. § 636(a)(36)(F)(ii).

In furtherance of its delegated authority, the SBA issued regulations for the PPP that included a preexisting SBA regulation, 13 C.F.R. § 120.110(p). That regulation disqualifies from consideration for SBA loans those businesses which "[p]resent live performances of a sexual nature[,] or [d]erive directly or indirectly more than de minimis gross revenue through the sale of products or services, or the presentation of any depiction or display, of a prurient sexual nature." *Id.* The Plaintiffs' businesses fall into this category as this regulation has been applied,[1]

---

[1] Plaintiffs assert their businesses do not offer prurient products or services.

2

and by operation of this SBA regulation they have been deemed ineligible to participate in the PPP.

Plaintiffs' second amended complaint brings causes of action asserting violations of the First Amendment's Free Speech Clause (Count I) and the Due Process Clause of the Fifth Amendment (Count II) and a cause of action that seeks to overturn the above-referenced regulation as exceeding the SBA's delegated rulemaking authority (Count III). The instant dispute arises over the Plaintiffs' motion for a preliminary injunction on all these grounds, Doc. 25. Plaintiffs seek an injunction ordering Defendants to cease enforcing or utilizing the above-described SBA regulation (and implementing SBA standard operating procedure) which in practice bars their adult businesses from submitting PPP loan applications. Plaintiffs also seek injunctive relief requiring Defendants to expeditiously notify all SBA lending banks to immediately discontinue using this offending regulation and to process their PPP loan applications. Plaintiffs further seek an injunction that the SBA and its lending banks must restore their PPP applications to the application queue as of the original date of their applications. Doc. 25 at 25.

The Court concludes that injunctive relief against the SBA, through its administrator, is not available. The first place to consult is the Small Business Act,

which flatly bars an injunction, in plain English. The Act provides that the SBA may:

> [S]ue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne, or final, shall be issued against the Administrator or his property.

15 U.S.C. § 634(b)(1).

This language states plainly that there is no injunctive relief against the SBA or its administrator. Congress's plain English should be applied. Controlling Eleventh Circuit precedent is in accord. *Romeo v. United States*, 462 F.2d 1036, 1038 (5th Cir. 1972), *cert. denied*, 410 U.S. 928 (1973); *see also Expedient Servs., Inc. v. Weaver*, 614 F.2d 56 (5th Cir. 1980) (affirming Middle District of Florida—holding district court lacked authority to enjoin SBA administrator).[2]

In a recent case, *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239 (11th Cir. 2020), the Eleventh Circuit noted that 15 U.S.C. § 634(b)(1) may bar injunctive relief; but there the SBA only asserted the statute as a conditional backup, and the SBA proceeded and won the case on the merits. *Id.* at 1255 n.7. In

---

[2] Cases from the former U.S. Fifth Circuit pre-1981 are binding decisional law of the U.S. Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

4

contrast, here the SBA asserted § 634(b)(1) directly, Doc. 29 at 21, and stated at oral argument that the statute is "binding."[3]

Other circuits have held that injunctive relief against the SBA is precluded by the statute. *In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838, 840–841 (5th Cir. 2020); *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir. 1990); *Duncan v. Furrow Auction Co.*, 564 F.2d 1107, 1109 (4th Cir. 1977); *Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975). Some courts have examined the § 634(b)(1) legislative history and considered policy arguments, and have held that the statute does not, at least, bar an injunction of the SBA for illegal conduct. *See generally In re Gateway Radiology Consultants, P.A.*, 616 B.R. 833, 842–45 (Bankr. M.D. Fla. 2020) (discussing cases), *vacated in part on other grounds*, 983 F.3d 1239 (11th Cir. 2020).

But resort to such interpretive tools is unnecessary. The undersigned is faced with a plain-reading statute and binding Eleventh Circuit precedent. The SBA and its administrator may not be enjoined. The motion is denied.

**DONE AND ORDERED** at Tampa, Florida, on January 28, 2021.

---

[3] This statute would not bind the other listed defendant, the Secretary of the Treasury. He has not appeared in the case, however, and may not yet be served. In any event, the PPP loan program is an SBA-run and managed program; it is the SBA rules and SBA conduct that are barring relief according to Plaintiffs. The SBA Administrator is the necessary and indispensable party against whom injunctive relief is sought. The Treasury Secretary's presence or absence here would have no impact on this ruling.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>COPIES FURNISHED TO:</u>**
Counsel of Record